ROSS DREW, RESPONDENT, v. ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, A CORPORATION APPELLANT.*

St. Louis Court of Appeals.   Opinion filed March 8, 1927.

**1.—Railroads—Negligence—Fireman Injured—Federal Employers Liability Act—Federal Boiler Inspection Act—Contributory Negligence—Damages.** In an action for damages by a fireman against a railroad engaged in interstate commerce, arising under the provisions of the Acts of Congress known as the "Boiler Inspection Act" (Act of Feb. 17, 1911, ch. 103, sec. 3, 36 Stat. 913; U. S. Comp. Stat. 1916, sec. 8631, as amended by the Act of March 4, 1915, ch. 169, sec. 1; U. S. Comp. Stat. 1916, sec. 8639a) and the Federal Employers' Liability Act (Act of April 22, 1908, 35 Stat. 66, ch. 149, sec. 3, ch. 149, sec. 4), on account of a defective locomotive furnished for his use by the defendant, the petition alleging that the cylinder cocks on one side of the engine were broken, by reason of which steam escaped

from the cylinder, striking the ground and right of way of the defendant with great force, which caused small particles of dust, dirt and cinders to be violently and with great force blown through the air and into the cab of the engine and against the eyes and face of plaintiff, resulting in injury to his eye, evidence of contributory negligence of plantiff in failing to close the cab window of the locomotive and whether the injury was the result of injuries alleged to have been sustained on the occasion in question, or the result of injuries previously sustained to the same eye, held questions properly submitted to the jury, taking note that under section 3 of the Federal Employers' Liability Act (section 8659 U. S. Comp. Stat.), the fact that the injured employee may have been guilty of contributory negligence does not bar a recovery, but only diminishes the damages in proportion to the amount of negligence attributable to such employee.

2.—Appellate Practice—Demurrer to Evidence—On Appeal Plaintiff's Evidence Viewed in Light Most Favorable to Him.  On appeal, in considering the question of the action of the trial court in overruling defendant's demurrer to the evidence, the appellate court will view plaintiff's testimony in the light most favorable to him.

3.—Railroads—Negligence—Violation of Federal Boiler Inspection Act—Negligence Per se.  Violation by a railroad of the Federal Boiler Inspection Act is negligence per se.

4.—Instructions—Action Under Federal Boiler Inspection Act—Assuming Greater Burden Than Law Required—Not Prejudicial.  An instruction which required the jury to find additional facts beyond those necessary to entitle plaintiff to a verdict, thus assuming a greater burden on the part of plaintiff than was required under the law, being favorable to and not harmful to the rights of defendant, was not prejudicial.

5.—Same—Same—Failure to Restrict Use of Term Negligence—Not Prejudicial Where Instruction Required Jury to Find Specific Facts Constituting Negligence.  The use of the term negligence in an instruction without restricting the term to the acts and omissions specified in the instruction or to acts and omissions pleaded in the petition and supported by the evidence, since the instruction, among other things, required the jury, before they could return a verdict for the plaintiff, to find and believe from the evidence the specific facts the finding of which would make the defendant guilty of negligence as a matter of law under the Federal Boiler Inspection Act, was not error prejudicial to the rights of defendant.

6.—Railroads—Negligence—Fireman Injured—Federal Employers' Liability Act—Federal Boiler Inspection Act—Assumption of Risk—Defense Not Available.  In an action for damages for personal injuries by a fireman against a railroad, the defense of assumption of risk is not available to the defendant under the Federal Employers' Liability Act based upon a violation of the Federal Boiler Inspection Act.

---

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, p. 765, n. 85, 91; p. 918, n. 42; p. 919, n. 44; p. 1029, n. 30; Damages, 17CJ, p. 1057, n. 56; p. 1059, n. 64; Master and Servant, 39CJ, p. 381, n. 34; p. 700, n. 74; p. 701, n. 76; p. 820, n. 60; p. 821, n. 64; p. 1211, n. 19; Trial, 38Cyc, p. 1784, n. 86.

Appeal from the Circuit Court of the City of St. Louis.—Hon. Erwin G. Ossing, Judge.

AFFIRMED.
    220 Mo. App.—46.

*E. T. Miller, A. P. Stewart* and *C. H. Skinker, Jr.,* for appellant.

(1) The demurrer to the evidence should have been sustained and the peremptory instruction requested at the close of the whole case should have been given because: (a) The evidence showed conclusively that if plaintiff received any injury on the occasion in question it was directly caused by the sole negligence of plaintiff in failing to close the window on his side of the cab. Where the injuries are the result of the sole negligence of plaintiff there is no liability under the Federal Employers' Liability Act or under the Safety Appliance Acts. Imboden v. Frisco Ry., 272 S. W. 1092; Pankey v. Santa Fe Ry. Co., 168 S. W. 274; Virginian Ry. Co. v. Andrews, 87 S. E. 577; Wiles v. Great Northern Ry., 240 U. S. 444. (b) It was purely a matter of speculation and conjecture as to whether or not the defective vision of plaintiff's left eye was the result of injuries alleged to have been sustained on the occasion in question or the result of injuries admittedly sustained to this same eye on two prior occasions. Where it is a matter of speculation and conjecture as to whether plaintiff's injuries are the result of alleged negligence on the part of defendant or are the result of other causes or circumstances a verdict against the defendant cannot stand. Warner v. St. L. & M. R. Ry. Co., 178 Mo. 125; McGrath v. St. L. Transit Co., 197 Mo. 97 (2) Instruction numbered 1 given on behalf of plaintiff is erroneous because: (a) This instruction contained the following charge: "If you further believe from the evidence that ordinary care required that the defendant railway company, acting through its officers and agents in charge of said engine and train, provide and furnish another and different engine to haul said train to St. Louis." There was no charge in the petition upon which to base this portion of the instruction and it dealt with an issue not in the case. An instruction is erroneous if it is either broader than the petition or broader than the evidence. Degonia v. Railroad, 224 Mo. 564; State ex rel. v. Ellison, 270 Mo. 645; Perkins v. United Rys., 243 S. W. 224. (b) Instruction 1 concludes with the following language: "And if the jury further believe from the evidence that the injuries, if any, of plaintiff resulted in whole or in part from negligence, if any, of the defendant, then the plaintiff is entitled to recover and your verdict must be in favor of the plaintiff." This was erroneous because the term "negligence" was not restricted to the acts and omissions specified in the instruction, or to acts and omissions pleaded in the petition and supported by the evidence, but gave the jury a roving commission to find for plaintiff if they found defendant guilty of any negligence whatsoever that contributed to cause his injuries. Martin v. Railroad, 175 Mo. App. 464; Clark v. Motor Car Co., 177 Mo. App. 623; Miller v. United Rys., 155 Mo.

App. 528; Duerst v. St. L. Stamping Co., 163 Mo. 607.  (3)  The court erred in refusing to give instructions B and D requested by defendant and covering the defense of assumption of risk.  Kidd v. Railroad, 274 S. W. 1079.

*Charles P. Noell,* for respondent.

*Glen Mohler* of counsel.

(1)  The demurrer to the evidence was properly overruled.  (a) Proof of the defects in the locomotive brought the case within the Boiler Inspection Act, and the question whether plaintiff was himself negligent in failing to close the cab windows, the windows being dirty so that he could not look out for signals when they were closed, and the day being dry and hot, was for the jury, as was the question whether the injuries were due to the sole negligence of plaintiff in keeping the windows open.  Baltimore and Ohio R. R. Co. v. Groeger, 266 U. S. 521, 45 S. Ct. 169, 69 L. Ed. 419; Lorton v. Missouri Pacific Ry.  Co., 267 S. W. 385.  (b)  There was substantial evidence that the loss of vision was due to the accident in suit and not to previous accidents; the matter, therefore, not resting on speculation or conjecture, hence, this matter was properly submitted to the jury. Maginnis v. Missouri Pacific Ry. Co., 268 Mo. 667.  (2)  The giving of instruction No. 1 does not constitute reversible error, because  (a) The instruction is in two parts, either of which authorize recovery. The jury, under the first part, were required to and did find sufficient facts to entitle plaintiff to recover as for a violation by defendant of the Federal Boiler Inspection Act.  The jury having found the necessary elements warranting recovery as for its violation, it is immaterial that the last portion of the instruction authorizing a verdict on common-law negligence is too general.  A violation of the Boiler Inspection Act is negligence *per se.* Baltimore and Ohio R. R. Co. v. Groeger, 266 U. S. 521, 45 S. Ct. 169, 69 L. Ed. 419; Lehigh Valley R. Co. v. Beltz, 10 Fed. (2nd), 74, 77; Kilburn v. Ry. Co. 232 S. W. 1017; Thornton v. Ry. Co., 175 N. W. 71; Hines v. Smith, 275 Fed. 766.  (b)  Where several elements are contained in an instruction, any one of which authorizes recovery, and they are stated in the conjunctive and connected by ''and,'' error in one or more of such elements is not harmful if there is evidence to support a single one of them which is sufficient and complete in itself.  Houston v. American C. & F. Co., 282 S. W. 170; Bauer v. Fahr, 282 S. W. 150; McIntyre v. Frisco, 227 S. W. 1047; Kendrick v. Ryus, 225 Mo. 168; Troutman v. E. St. Louis etc. Co., 224 S. W. 1014; Berry v. Railroad, 214 Mo. 604; Gibler v. Railroad, 129 Mo. App. 93; Harrington 'v.

City of Sedalia, 98 Mo. 583; Crawford v. Doffler, 120 Mo. 362; Benham v. Taylor, 66 Mo. App. 314. (3) Defendant's instructions B and D were properly refused, as there can be no assumption of risk in a case for violation of the Boiler Inspection Act. Kilburn v. C. M. St. P. Ry. Co., 232 S. W. 1023; Lehigh Valley R. Co. v. Beltz, 10 Fed. (2nd) 74; B. & O. R. R. Co. v. Goeger, 266 U. S. 521, 45 S. Ct. 169, 69 L. Ed. 419; Great Northern Ry. v. Donaldson, 246 U. S. 121, 38 S. Ct. 230, 62 L. Ed. 616.

BECKER, J.—This is an action by plaintiff, a fireman on defendant's railroad, engaged in interstate commerce, and arising under the provisions of the Acts of Congress known as the "Boiler Inspection Act" (Act of Feb. 17, 1911, ch. 103, sec. 3, 36 Stat. 913; U. S. Comp. Stat. 1916, sec. 8631, as amended by the Act of March 4, 1915, ch. 169, sec. 1; U. S. Comp. Stat. 1916, sec. 8639a) and the Federal Employers' Liability Act (Act of April 22, 1908, 35 Stat. 66, ch. 149, sec. 3, ch. 149, sec. 4), on account of a defective locomotive furnished for his use by the defendant, the petition alleging that the cylinder cocks on the left side of the engine were broken, by reason of which steam escaped from the cylinder on the left side thereof, striking the ground and right of way of the defendant with great force, which caused small particles of dust, dirt and cinders to be, "violently, and with great force, blown through the air and into the cab of the engine and against the eyes and face of plaintiff, resulting in injury to plaintiff's left eye."

The answer was a general denial and a plea of assumption of risk.

The trial resulted in a verdict for plaintiff in the sum of $7500. In due course the defendant appeals.

One of the assignments of error here urged is that the demurrer to the evidence should have been sustained, and the peremptory instruction requested at the close of the whole case should have been given. In support of this contention it is argued that the evidence showed conclusively that if plaintiff received any injury on the occasion in question it was directly caused by the sole negligence of plaintiff in failing to close a window on the left side of the cab, and that there is therefore no liability under the Federal Employers' Liability, or under the Safety Appliance Acts. And it is further contended that the demurrer should have been sustained in that under the evidence it was purely a matter of speculation and conjecture as to whether or not the defective vision of plaintiff's left eye was the result of injuries alleged to have been sustained on the occasion in question, or the result of injuries admittedly sustained to this same eye on two prior occasions.

After reading the record before us we are of the opinion and so hold that plaintiff made out a case for the jury and therefore that the

court correctly ruled the demurrer and the peremptory instruction requested at the close of the whole case. According to plaintiff's own testimony he had been a locomotive fireman for some six years prior to September 16, 1922, on which day he was working for the defendant as a fireman on a freight train between Newburg and St. Louis, in the State of Missouri; that on the occasion in question the train contained cars en route from Prairie Grove, Arkansas, and from Scullin, Oklahoma, to St. Louis, Missouri; that when the freight train had gotten three or four miles out of Newsburg, and distant about one hundred fifteen miles southwest of St. Louis, the cylinder cocks on the left side of the engine broke loose and allowed steam to come out and strike the ground and throw up dust and dirt which came back along the left side of the engine and through the window of the engine cab and was blown against the face and into the eyes of plaintiff; that when the train reached Rolla the engineer examined the cylinder cocks and finding that they could not be fixed without a great deal of work, the train proceeded to Sullivan, and that just east of Sullivan a combination lever on the right side of the engine gave way, which necessitated the working of the engine from the left side only, which caused still more steam to escape out of the cylinder cocks near the front of the engine on the left-hand side, causing dust, sand and small cinders to be stirred up by this steam striking the ground so that, "there was just a fog of dust around the engine, and those cab windows on this type of engine in front has got nothing more than a looking glass in front, and therefore, they keep them shut at all times, and being warm weather then, I had my side windows open to get air and keep from getting hot;" that as fireman it was his duty to sit on the left-hand side of the engine cab and operate the stoker engine which feeds the coal into the engine automatically, and assist the engineer in keeping a lookout for signals and obstructions, and to look back frequently to know that the train had not parted.

On cross-examination plaintiff stated that the engine was equipped with a small window on the left side of the cab in front of the fireman's seat, but that this window was closed during the trip; and also that there was a storm window projecting out from the side of the cab at right angles, to protect his head and face when it became necessary to stick his head out of the window.

On re-direct examination, in answer to the question as to what effect the dirt and cinders beating upon the windows had, "with reference to dirtying them so that you could not see through them," he answered, "it would dirty them up so you could not see through them."

On cross-examination of plaintiff he testified that when he was ten or eleven years old he got a sliver in his left eye pretty close to the pupil, just on the edge of the white of the eye; that it did not inter-

fere however with his vision, and that in October, 1918, while working as a fireman for the defendant, he got a hot cinder in his left eye which caused him to be confined to the Frisco Hospital in St. Louis for treatment for a period of sixty days, and that this injury left a scar on the left eye. Without objection he was permitted to testify that for this latter injury he gave the company a release without getting any money for it, and that he signed the release just for the privilege of working for them. Plaintiff testified that after getting out of the hospital in 1918 he continued working for the company and that for the period of four years following, and up until he received the alleged injury herein sued for, his eye was in good condition. He could read and it didn't bother him, and that he had passed the physical examination of his eyes during this period, which was held by the defendant company every two years. He testified that his left eye is practically blind now; that he can distinguish daylight but his vision is not strong enough to recognize or distinguish objects. Further that prior to the accident in September, 1922, he did not wear glasses; that he started wearing glasses in November, 1923, and that he did not have any trouble with the vision in his left eye prior to September, 1922.

Plaintiff further testified that he made no request to be relieved from his position during the trip from Newburg to St. Louis; that he did not know at the time that any loss of vision might result from the dust, dirt and cinders flying into his eyes.

The Boiler Inspection Act, as amended in 1915, prohibits an engine disabled in any of its parts from being used in interstate commerce, if such use might occasion peril to life or limb. Viewing plaintiff's own testimony in the light most favorable to him, as we must in considering the question of the court's action upon defendant's demurrer, he makes out a question for the jury on this issue. In this connection we note that under section 3 of the Federal Employers' Liability Act, (sec. 8659, U. S. Comp. Stat.) the fact that the injured employee may have been guilty of contributory negligence does not bar a recovery, but shall only diminish the damages in proportion to the amount of negligence attributable to such employee. In this situation then, to sustain defendant's demurrer we would have to rule as a matter of law that plaintiff's own negligence was the direct and sole cause of his alleged injury, which clearly, under the testimony as we have set it out above, we cannot do. [See Kilburn v. R. R. Co. (Mo.), 232 S. W. 1017; Kidd v. R. R. Co. (Mo.), 274 S. W. 1079; Imboden v. R. R. Co. (Mo. App.), 272 S. W. 1092.]

Complaint is made of instruction numbered one given at plaintiff's request, which instruction covers the entire case and directs a verdict.

What we might rule with reference to the error complained of, were the several parts of this instruction connected in the disjunctive

instead of conjunctively, as they are, we need not pass upon. It is sufficient to dispose of this assignment of error to call attention to the fact that a violation of the Federal Boiler Inspection Act is negligence *per se* (Baltimore & Ohio R. R. Co. v. Groeger, 266 U. S. 521, 45 S. Ct. 169, 69 L. Ed. 419; Lehigh Valley R. R. Co. v. Beltz, 10 Fed. (2nd) 74, 77; Kilburn v. R. R. Co., supra; Thornton v. R. R. Co. (Ia.), 175 N. W. 71; Hines v. Smith, 275 Fed. 766), and that the first part of the criticised instruction hypothesized each of the salient facts necessary to be found to entitle the jury to return a verdict for plaintiff as for a violation of said Boiler Inspection Act. That the instruction required the jury to find additional facts beyond those necessary to entitle plaintiff to a verdict, thus assuming a greater burden on the part of plaintiff than is required under the law, was an element favorable to and not harmful to the rights of defendant. Nor can we rule that error prejudicial to the defendant resulted in the use of the term, ''negligence'' without restricting the term to the acts and omissions specified in the instruction, or to acts and omissions pleaded in the petition and supported by the evidence, since the instruction, among other things, required the jury, before they could return a verdict for plaintiff, to find and believe from the evidence specific facts, the finding of which would make the defendant guilty of negligence as a matter of law under the Federal Boiler Inspection Act. [Berry v. R. R. Co., 214 Mo. 1. c. 604, 114 S. W. 491; McIntyre v. R. R. Co. (Mo.), 227 S. W. 1047; Bauer v. Fahr (Mo. App.), 282 S. W. 150; Houston v. Amer. Car & Foundry Co. (Mo. App.), 282 S. W. 170.]

Defendant's final contention is that the trial court erred in refusing to instruct the jury on assumption of risk.

The point is without merit in that the defense of assumption of risk is not available to the defendant in actions for injuries under the Federal Employers' Liability Act based upon a violation of the Federal Boiler Inspection Act. [Hilburn v. R. R. Co., supra; Baltimore & Ohio R. R. Co. v. Groeger, supra; Lehigh Valley R. R. Co. v. Beltz, supra; Great Northern R. R. Co. v. Donaldson, 246 U. S. 121, 38 S. Ct. 230, 62 L. Ed. 616.]

It may be well to note that the case of Kidd v. R. R. Co., 274 S. W. 1079, relied on by defendant here as supporting its contention that the defense of assumption of risk is a question that should have been submitted to the jury under appropriate instruction, is not in point.

In the case before us plaintiff bases his action upon the alleged negligence of the defendant in violating the Federal Boiler Inspection Act alone, whereas in the Kidd case plaintiff based his action upon a number of concurring acts of negligence by the defendant which brought about the death of plaintiff's decedent. In the Kidd case no one of the several acts of alleged negligence in itself, without the

co-operation of one or more of the other alleged negligent acts would have resulted in injury to plaintiff's decedent, and therefore it was held therein that the alleged violation of the Federal Boiler Inspection Act was but a contributing cause of decedent's injury, and in light of plaintiff's allegations of several concurring acts of negligence and the fact that the defendant's answer among other things set up the defense that decedent's death was caused by his own negligence, and was due to the risk of his employment by him assumed, the court very properly held that an instruction embodying the question of contributory negligence which incidentally also covered the question of assumption of risk, was properly submitted to the jury. The Kidd case can in no manner be viewed as being in conflict with the case of Kilburn v. R. R. Co., supra, which concededly specifically rules that under the Federal Employers' Liability Act, based upon a violation of the Federal Boiler Inspection Act, the defense of assumption of risk in an action for injuries, does not apply.

Holding that plaintiff made out a case for the jury, and finding no error prejudicial to the defendant's rights, the judgment should be affirmed. It is so ordered. *Daues, P. J.,* and *Nipper, J.,* concur.