## GRAND TRUNK WESTERN RAILWAY COMPANY *v.* LINDSAY.

### ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 425. Argued February 27, 1914.—Decided April 6, 1914.

The operation and effect of the Employers' Liability Act upon the rights of the parties is involved in an action for negligence where the complaint alleges and the proof establishes that the employé was engaged in, and the injury occurred in the course of, interstate commerce even though the act was not referred to in the pleadings or pressed at the trial. *Seaboard Air Line* v. *Duvall*, 225 U. S. 477.

Although § 3 of the Employers' Liability Act establishes a system of comparative negligence, and diminution of damages by reason of the employé's contributory negligence, the proviso to that section expressly provides that contributory negligence does not operate to diminish the recovery if the injury has been occasioned in part by the failure of the carrier to comply with Safety Appliance Acts.

It does not appear that any reversible error was committed by the court below concerning instructions asked and refused in regard to testimony of a car inspector and the weight attributable thereto.

201 Fed. Rep. 836, affirmed.

THE facts, which involve the construction of the Employers' Liability Act of 1908 and the validity of a judgment for personal injuries obtained thereunder, are stated in the opinion.

*Mr. George W. Kretzinger, Jr.,* for plaintiff in error:

The Circuit Court of Appeals erred in affirming the judgment below upon a theory other and different from that upon which the case was tried. The Circuit Court of Appeals apparently conceded that upon the theory upon which the judgment was obtained it was erroneous and should be reversed.

Under either the theory adopted by the trial court or the Circuit Court of Appeals upon rehearing, the refusal to give the instruction requested by defendant in reference to the "come-ahead" signal by plaintiff was erroneous.

The Circuit Court of Appeals erred in sustaining the trial court in refusing the fifth instruction requested by plaintiff. It also erred in refusing to sustain each and every error assigned upon the record and urged by defendant in court.

In support of these contentions, see *American R. R. Co.* v. *Birch,* 224 U. S. 557; *Atchison &c. Ry. Co.* v. *Calhoun,* 213 U. S. 1; *Beutler* v. *Railway Co.,* 224 U. S. 85; *Caswell* v. *Worth,* 5 Ellis & Bl. 848; *Chicago &c. Ry. Co.* v. *McKean,* 40 Illinois, 229; *Chicago &c. Ry. Co.* v. *Brown,* 229 U. S. 317; *Chicago &c. Ry. Co.* v. *King,* 222 U. S. 222; *Cincinnati &c. Ry. Co.* v. *Mealer,* 50 Fed. Rep. 725; Cooley on Torts, 99; *Delk* v. *Railway Co.,* 220 U. S. 580; *Hatcher* v. *Insurance Co.,* 184 Fed. Rep. 23; *Indianapolis &c. Ry. Co.* v. *Blackman,* 63 Illinois, 121; *Louis. & Nash.*

*Ry. Co. v. Kelly*, 63 Fed. Rep. 407; *Mobile &c. Ry. Co. v. Wilson*, 176 Fed. Rep. 127; *New York R. R. Co. v. Estill*, 147 U. S. 592; *Miner v. McNamara*, 72 Atl. Rep. 138; *Norfolk Ry. Co. v. United States*, 177 Fed. Rep. 630; *Schafer v. Railroad Co.*, 105 U. S. 249; *St. Louis &c. Ry. Co. v. Hesterly*, 228 U. S. 702; *San Juan Co. v. Requena*, 224 U. S. 97; *Schlemner v. Railway Co.*, 220 U. S. 590; Thornton on Fed. Emp. Liability Act, 104; *Union Pacific Ry. Co. v. Callaghan*, 56 Fed. Rep. 988; *Yazoo &c. Ry. v. Greenwood Co.*, 227 U. S. 1.

*Mr. James C. McShane* for defendant in error, submitted.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The right of the plaintiff who is defendant in error here to recover for an alleged personal injury, was stated in two counts. In both, the wrong was alleged to have been occasioned by the negligence of the railway company, while it was engaged in carrying on interstate commerce and while the plaintiff was employed by it in such commerce. In the first count, however, the act of Congress known as the Safety Appliance Act was expressly declared on. For the purposes of the writ of error which was prosecuted by the railroad company from the Circuit Court of Appeals, numerous assignments of error were made and were all disposed of by the court in a full opinion. (201 Fed. Rep. 836.) In view of the complexion of the case as here presented we need address ourselves to only one of such assignments and to state the facts only so far as essential to its consideration.

The proof showed that the plaintiff was one of a crew working a switch engine, and that in a yard near Chicago such engine coupled with four loaded freight cars moving

in interstate commerce were held in order to make a coupling with a number of other loaded freight cars moving in interstate commerce to the end that an interstate train bound eastward might be made up and depart. When by impact it was attempted to make the coupling, the cars failed to couple automatically and after several efforts to cause them to do so, the plaintiff as switchman walked along beside the end of the car as it approached again the point of coupling, signaled to the engineer to stand fast and entered between the cars for the purpose of ascertaining and remedying if possible the cause of the trouble. While between the cars and engaged in handling the coupler, the cars were pushed up and he was caught and his arm crushed. There was some proof tending to show that the switchman stepped in before the moving cars had entirely stopped and some that he gave a signal to come-ahead as he stepped in; but there was evidence tending to show to the contrary and to support the inference that the act of the engineer in moving up, was the result of a signal with a lantern, for it was dark, mistakenly given by some other employé in the vicinity, or a mistake of the engineer in misconceiving the movement of a lantern in the hands of some of those who were standing around. There was evidence tending to show that the coupler had been inspected shortly before the accident and no defect was observed by the inspector, but it was shown without dispute, that it was defective at the time of the accident, and would not couple automatically because of a bent pin.

Among the errors assigned in the court below was the refusal of the trial court to give an instruction relating to the action of the switchman in entering between the cars and his supposed giving of the come-ahead signal. This instruction, while leaving to the jury the determination of whether the switchman in going between the cars to examine the coupling mechanism gave a come-ahead signal,

nevertheless asked the court to instruct as a matter of
law that if he had done so, his act was the proximate
cause of his injury, and therefore he could not recover.
Instead of giving this instruction the court modified it by
leaving it to the jury to determine whether under all the
circumstances the action of the switchman had been
reasonably careful. The court in its general charge on
this subject said:

"If after he started to go between the cars he has
done something which was carelessly done or which you
can say from a preponderance of the evidence contrib-
uted approximately to the accident, then he cannot
recover. . . . If there be contributory negligence at
all, it depends not upon his assuming the risk under the
circumstances in evidence in this case but upon the care
with which he acted while in the performance of the work
which he assumed.

"You are further instructed that if you believe from the
preponderance of the evidence, that the plaintiff gave a
'come-ahead' signal to the switchman or engineer,—one or
both—and after that went between the cars and was
injured, then you have a right to consider whether the
giving of the 'come-ahead' signal by the plaintiff was
the proximate cause of the injury as distinguished from the
condition of the coupler, and if you find that under the
circumstances the 'come-ahead' signal was the proximate
cause of the injury, then your verdict must be for the
defendant.

"You are also instructed that where there is a safe and a
dangerous way of doing an act, and the servant uses a
dangerous way and is injured thereby, he is charged with
negligence on his part and may not recover."

The court below disposed of the refusal of the trial
court to charge as a matter of law that there was no right
to recover if the proof showed that the switchman had
given the 'come-ahead' signal, upon the ground that there

was no foundation for giving it as there was no evidence whatever tending to show that such signal was given by the switchman. A petition for rehearing was however granted and after a reargument, the particular objection concerning the charge referred to, as well as other matters, were disposed of in an additional opinion. As to the charge referred to, the court held that a mistake had been committed in the first opinion in saying that there was not any evidence tending to show that the switchman had given the 'come-ahead' signal as he entered, and therefore the ground upon which the previous ruling had been based was inadequate. It was nevertheless held that the ruling as previously made was right because the request to charge as a matter of law that the plaintiff was not entitled to recover if it was found that he had given the 'come-ahead' signal as he entered to examine the mechanism was incompatible with the rule of comparative negligence established by the Employers' Liability Act. On this subject the court said, 201 Fed. Rep. p. 844:

"If, under the Employers' Liability Act, plaintiff's negligence, contributing with defendant's negligence to the production of the injury, does not defeat the cause of action, but only lessens the damages, and if the cause of action is established by showing that the injury resulted 'in whole or in part' from defendant's negligence, the statute would be nullified by calling plaintiff's act the proximate cause, and then defeating him, when he could not be defeated by calling his act contributory negligence. For his act was the same act, by whatever name it be called. It is only when plaintiff's act is the sole cause—when defendant's act is no part of the causation—that defendant is free from liability under the act."

As in the argument at bar reliance is solely placed except in one particular, upon error which is assumed to have arisen from the refusal of the trial court to give the charge previously referred to and the judgment of the court

below in approving this action of the trial court upon the theory that it was right in view of the provisions of the Employers' Liability Act, we come to consider this subject.

(a) In the trial court it is insisted the operation and effect of the Employers' Liability Act upon the rights of the parties was not involved because that act was not in express terms referred to in the pleadings or pressed at the trial and was hence not considered by the court in acting upon the requested charge and therefore it is urged it was error in the reviewing court to test the correctness of the ruling of the trial court by the provisions of the Employers' Liability Act instead of confining the subject exclusively to the Safety Appliance Law and the rules of the common law governing negligence.  But the want of foundation for this contention becomes apparent when it is considered that in the complaint it was expressly alleged and in the proof it was clearly established that the injury complained of was suffered in the course of the operation of interstate commerce, thus bringing the case within the Employers' Liability Act.  It is true that to avoid the irresistible consequences arising from this situation it is insisted in argument that as no express claim was made under the Employers' Liability Act, therefore there was no right in the plaintiff to avail of the benefits of its provisions or in the court to apply them to the case before it.  But this simply amounts to saying that the Employers' Liability Act may not be applied to a situation which is within its provisions unless in express terms the provisions of the act be formally invoked.  Aside from its manifest unsoundness considered as an original proposition the contention is not open as it was expressly foreclosed in *Seaboard Air Line Ry. Co.* v. *Duvall*, 225 U. S. 477, 482.

(b) Coming to consider the proposition that although the case be governed by the Employers' Liability Act error

was nevertheless committed in sustaining the action of the trial court in refusing to give the requested instruction, we think that even if for the sake of the argument it be assumed that the proof brought the case within the principle of comparative negligence established by the Employers' Liability Act, the correctness of the ruling of the court below is clearly made manifest by the reasoning given by the court for its conclusion. But having regard to the state of the proof as to the defect in the coupling mechanism, its failure to automatically work by impact after several efforts to bring about that result, all of which preceded the act of the switchman in going between the cars, in the view most favorable to the railroad, the case was one of concurring negligence, that is, was one where the injury complained of was caused both by the failure of the railway company to comply with the Safety Appliance Act and by the contributing negligence of the switchman in going between the cars. Under this condition of things it is manifest that the charge of the court was greatly more favorable to the defendant company than was authorized by the statute for the following reasons: Although by the third section of the Employers' Liability Act a recovery is not prevented in a case of contributory negligence since the statute substitutes for it a system of comparative negligence whereby the damages are to be diminished in the proportion which his negligence bears to the combined negligence of himself and the carrier, in other words, the carrier is to be exonerated from a proportional part of the damages corresponding to the amount of negligence attributable to the employé (*Norfolk & Western Railway Co.* v. *Earnest*, 229 U. S. 114, 122), nevertheless under the terms of a proviso to the section contributory negligence on the part of the employé does not operate even to diminish the recovery where the injury has been occasioned in part by the failure of the carrier to comply with the exactions of an act of Congress

enacted to promote the safety of employés. In that contingency the statute abolishes the defense of contributory negligence not only as a bar to recovery but for all purposes. The proviso reads, act of April 22, 1908, c. 149, § 3, 35 Stat. 65, 66:

"Provided, That no such employé who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employés contributed to the injury or death of such employé."

The only other objection pressed in the argument at bar concerns an instruction asked and refused by the trial court with reference to the weight to be attributed to the testimony of a car inspector who inspected the coupler in question before the accident. The subject of this asserted error was evidently carefully considered by the trial court and was adversely disposed of by the court below, both in its original and in the opinion on the rehearing. Under these circumstances without going into detail in view of the doctrine to be applied to cases of this character as announced in *Chicago Junction Ry. Co.* v. *King,* 222 U. S. 222; *Chicago, R. I. & P. Ry. Co.* v. *Brown,* 229 U. S. 317, we are of the opinion that we need do no more than say that after a careful examination of the subject we are of the opinion that no reversible error was committed by the court below, and its judgment is therefore affirmed.

*Affirmed.*