[Civ. No. 10958. First Appellate District, Division Two.—March 21, 1939.]

MYRON H. PIETRYZK, Appellant, v. DOLLAR STEAM-SHIP LINES, LTD. (a Corporation), Respondent.

Charles H. Fish for Appellant.

Irving H. Frank, Nathan H. Frank and L. Charles Gay for Respondent.

STURTEVANT, J.—In an action to recover damages for personal injuries sustained by plaintiff the jury returned a verdict in favor of the defendant. The plaintiff made a motion for a new trial, his motion was denied, and he has appealed from the judgment.

On the 27th day of November, 1935, the plaintiff was injured while discharging his duties as watchman on board the President Coolidge en route from Manila to Shanghai. While going down the stairway on the starboard side between decks C and D, he fell and suffered the injuries complained of. He contended that a patch of oil was on one of the steps, that he stepped on it, slipped and fell. It was the theory of the defense that the oil, if any, was deposited by the employees of Ah Jim, an independent contractor who was engaged in cleaning certain tanks. Whereas, the plaintiff contended that Ah Jim was not an independent contractor; and, if he was, it was the duty of the defendant to keep the stairway clear of all defects of which it had notice, or by the exercise of reasonable care, should have had notice. In that connection he introduced evidence that at Hongkong the vessel took on board a quantity of wood oil.

The plaintiff filed his complaint on the 28th of December, 1936. He filed an amended complaint on February 4, 1937. The defendant answered the latter pleading on June 18, 1937. Shortly before the trial it asked permission to add an allegation to its answer. The trial court made an order granting the permission and at about the same time it granted the request of the plaintiff that the defendant should exhibit to the plaintiff certain papers and books. Before said amendment was actually made the plaintiff filed his second amended complaint. The defendant answered the second amended complaint and never made use of the permission granted it to amend the answer theretofore filed. ■ All of the books and papers which the plaintiff asked to inspect, with one exception, were duly turned over to him. That one exception involved a certain contract with Ah Jim, a Chinese contrac-

tor, and all facts in that connection will hereinafter be discussed. The plaintiff contends that he was prejudiced by reason of the defendant's failure to comply with the order of inspection. It is sufficient to state that the record shows no such failure.

■ In the next place the plaintiff complains because his motion for a new trial was denied. He calls attention to the fact that said motion was made on the grounds, ''3. Accident or surprise which ordinary prudence could not have guarded against; 4. Newly discovered evidence, material for the plaintiff, which he could not, with reasonable diligence, have discovered and produced at the trial.'' He then calls attention to the evidence showing that on the 27th day of November, 1935, he was employed by the defendant as watchman on board the President Coolidge, and that while performing his duties he stepped on a patch of oil on a stairway between the C and D decks, fell and was injured. During the presentation of his case he called witnesses who testified in effect that the oil was placed or left in said place by some Chinese who were cleaning tanks. The plaintiff also called officers of the defendant company who testified that said Chinese were working under Ah Jim, another Chinese, who had charge of the work of cleaning said tanks. They further testified that said work was being done under a written contract. That document was produced. The plaintiff offered it in evidence and it was received and marked plaintiff's exhibit 6. It is not before us. However, the record discloses that said document definitely delineated the duties to be performed and that it was signed by Ah Jim and by the defendant. It was executed in 1911. Afterwards it was renewed from time to time. It was renewed for the year 1935 and was in force and effect at the time the plaintiff was injured. On its face it did not state the price for cleaning each tank. Evidence was adduced that if there was any writing on that subject such writing was at Shanghai, the home office of the defendant in the Orient. The fact said contract existed, its terms, and its *locus* constitute the surprise and newly discovered evidence mentioned above. The record is wholly silent as to how or in what manner the contract price payable to Ah Jim had any materiality to the action on trial; how or why, if it had any materiality, the plaintiff did not ascertain the fact long before the trial and if necessary cause depositions to be taken

in Shanghai. Nor does the record show any reason why the same facts could not be proved by other witnesses who were present at the trial. The plaintiff argues that the defendant suppressed the said evidence. The record does not even tend to show any suppression whatsoever.

The trial court gave a number of instructions in which with great care it submitted to the jury the question as to whether or not Ah Jim was an independent contractor. The plaintiff argues earnestly that the written contract should have been construed by the court as a matter of law and that the court should have instructed accordingly. However, it will be noted from what has just been said above that the plaintiff contended with equal earnestness that the said writing was not full and complete. That it was not full and complete the defendant conceded and both parties introduced pertinent oral evidence showing the nature of the employment of Ah Jim. Under such circumstances the court did not err in submitting the question to the jury.

But, the plaintiff argues, the contract was invalid as an attempt to exempt the carrier from liability created by law. (45 U. S. C. A., sec. 55.) The vice in that contention is that the record does not show the contract in question contained any clause in violation of the terms of said statute. In this connection the plaintiff seems to contend that the defendant could not delegate the work which Ah Jim was doing. The defendant replies that it did not attempt to employ an independent contractor to perform or transact its "necessary regular business or functions", but employed him to clean tanks. Continuing it states: "Likewise, if Chinese employees of an independent contractor negligently deposit oil on a stairway, the operator of the vessel is not liable for that act, for they are not his employees. But if, under his duty to provide a safe place for his employees to work in, he negligently fails to discover and remove the oil, he is liable by reason of a negligent failure to provide a safe working place." We think the distinction is well founded. (*Solovieff* v. *U. S. S. B. Emergency Fleet Corp.*, 1925 A. M. C. 1166.) The plaintiff does not call our attention to any authority to the effect that the function of cleaning oil tanks is inherently injurious, therefore the duty of performing such work could be delegated. In the absence of express language to the contrary in the Jones Act it did not have the effect of depriving

this defendant of the right to rely on the defense that Ah Jim was an independent contractor. (13 Cal. Jur. 1045; *American Pacific Whaling Co.* v. *Kristensen*, 93 Fed. (2d) 17, 20.)

As stated above the defendant interposed the defense that Ah Jim was an independent contractor. The court admitted evidence on the subject and gave instructions applying that doctrine to the case. The plaintiff complains on several different grounds. (1) He prepared a set of instructions to the effect that since the adoption of the Jones Act said defense is no longer available in actions of this kind. Prior to instructing the jury, the court and counsel, not in the presence of the jury, met and discussed the requested instructions. As a result plaintiff withdrew several instructions theretofore tendered in which he claimed the defendant, under the facts, was not entitled to have the defense of independent contractor presented to the jury. (2) He assigns as error instructions which the court gave submitting said defense. (3) He claims certain instructions did not correctly state the common law rule. The first two grounds have not, in our opinion, any support. Under the common law, rules were settled which fully covered every phase of such litigation. In 1908 the Federal Employers' Liability Act was enacted by the Congress. (45 U. S. C. A. 51.) It modifies the rules applicable to common carriers in interstate commerce. As to seamen that statute was made applicable by the Jones Act. (46 U. S. C. A. 688.) Under neither of said statutes was the defense of independent contractor expressly abolished. Nor do we find any language in either statute which by implication has that effect as to incidental matters such as cleaning of oil tanks. Under the first two divisions of the attacks of the plaintiff we find no error.

As to the third division the attack is as follows. Instructions 21, 22, 23 and 24 were given at the request of the defendant. The plaintiff makes the objection to them which we have discussed above. That objection need not be again discussed. However, the plaintiff makes the additional objection that said instructions were not correct statements. For instance he complains because the trial court in one instruction stated to the jury, " . . . one of the tests by which you may determine whether a person was acting as the servant of another is to ascertain whether he was subject to such person's orders and control and was liable to be discharged

for disobedience or misconduct", whereas, he claims the correct statement should have been "whether or not the employer has the right to exercise control". We think that is a distinction without a difference. The two statements are essentially the same. Reading all of said instructions together we find no error therein.

■ One of the instructions requested by the plaintiff was modified by the trial court by inserting the parenthetical expressions and then given as follows: "If you shall find from a consideration of all the evidence in this case that the negligence of the defendant, its officers, agents or employees or any of them, in whole or in part, proximately caused the injuries, if any, to the plaintiff as alleged in his complaint and (if) proved by a preponderance of the evidence, (and if you find that the injuries to plaintiff, if any, were not proximately caused by his own negligence), you will find your verdict for the plaintiff and against the defendant." The plaintiff contends that the use of the word "proximately" was error because under the Jones Act the word "solely" should have been used. (*Grand Trunk Western Ry. Co.* v. *Lindsay*, 233 U. S. 42 [34 Sup. Ct. 581, 58 L. Ed. 838, Ann. Cas. 1914C, 168].) The defendant does not directly dispute the plaintiff's contention. However, it argues that when instructions 14, 15, 16, 17, 19, 20, 27 and 28 are read together it is obvious that the word "proximately" could not have been prejudicial to the plaintiff. The argument is convincing. The jury was told repeatedly that if the plaintiff's injuries were caused in whole or in part by the negligence of defendant's agents or employees the plaintiff could recover. Furthermore the instruction which was modified contains the same expression.

The same comments are applicable to the changes made by the trial court in instruction number 20.

■ Complaint is made of instructions 26, 27, 28 and 29, given at the request of the defendant. The plaintiff does not point out the particular language that is objectionable, nor does he make any statements or cite any authorities sustaining his objections. This court is not called upon to perform that function for him.

■ Instruction number 33, given at the request of the defendant, was as follows: "If you shall find that the plaintiff was caused to fall by reason of oil being on the step or tread of the staircase on the starboard side of the steamship Presi-

dent Coolidge, between C and D decks, that fact would not of itself warrant you in finding that the defendant was negligent. To justify such a conclusion it must appear that the defendant knew of its presence and had unreasonably failed to remove it, or that it had been there such a length of time that in the exercise of ordinary care it ought to have known of it and removed it, for the defendant is not liable for a mere transitory danger of such character." The plaintiff objects to the last sentence. He claims the substance thereof was formerly the law but it is not the law since the enactment of the Jones Act. He cites no language in the Jones Act to the effect that an employer is liable for a defect of which he had no notice and which had lasted such a short time it could not legally be said he should have notice thereof. The Jones Act by reference adopted the Federal Employers' Liability Act. The latter statute rests wholly on negligence. The instruction attacked was not erroneous. (*Seaboard Air Line* v. *Horton*, 233 U. S. 492 [34 Sup. Ct. 635, 58 L. Ed. 1062, Ann. Cas. 1915B, 475, L. R. A. 1915C, 1].)

■ Acting upon the request of the defendant the trial court gave instruction number 34. It was as follows: "If you shall find that the plaintiff sustained injuries from slipping or falling and that the fall was caused by a slippery condition of the stairway on which the plaintiff claims to have fallen, which was slippery *as a necessary incident of the work on the ship,* and against which the defendant could not guard in the exercise of reasonable care, then I instruct you that the defendant cannot be held liable for injuries sustained by the plaintiff from such condition, for the plaintiff assumes the risk of injury from such causes." (Emphasis ours.) The plaintiff contends there was no evidence that the stairway was made "slippery as a necessary incident of the work on the ship". That statement is hardly correct. The plaintiff had introduced evidence not only that the crew employed by Ah Jim was cleaning tanks but also that the vessel had taken on board a quantity of wood oil. The instruction was addressed to all of the evidence and not to merely a part thereof. Taking into consideration the loading of the wood oil, it may not be said the instruction was prejudicially erroneous.

■ The plaintiff also complains of instructions 35, 37 and 39, all of which were given at the request of the defendant. We have examined each one and we find no error. Each

purported to deal with a certain rule of the common law pertinent to such actions. In chapter 2, title 45 U. S. C., secs. 51–59, the Congress made certain alterations and modifications in the common law rules concerning the rights and remedies in the trial of such actions between the employee and the employer engaged in operating as a common carrier. In section 688 of title 46 U. S. C., the former statute was made applicable to actions commenced by a seaman. It is settled law that except as modified by the said statute the common-law rules apply. (*The Richelieu,* 27 Fed. (2d) 960.) The plaintiff does not call our attention to any misstatement in any one of said instructions of any one of the rules said instructions purport to state.

We find no error in the record. The judgment is affirmed.

Spence, J., and Nourse, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 20, 1939, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 18, 1939.