## BUCHANAN v. CHICAGO & N. W. RY. CO.

No. 9233.

Circuit Court of Appeals, Seventh Circuit.

Jan. 25, 1947.

Earl S. Hodges and Duane L. Traynor, both of Springfield, Ill., for appellant.

Drennan J. Slater, Nye Morehouse and James B. O'Shaughnessy, all of Chicago, Ill., and O. P. Westervelt, of Peoria, Ill., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff brought this action under the Federal Employers' Liability Act, 45 U.S. C.A. § 51 et seq., for personal injuries sustained in the operation of a crane in the loading of scrap steel into a railroad car while in defendant's employ. Defendant, in its answer to plaintiff's complaint, said it was not negligent and that plaintiff's injuries were caused by his own carelessness and negligence. Upon these issues the trial judge submitted the case to the jury for a general verdict. The jury rendered a verdict for $5,000 upon which judgment was entered. This judgment plaintiff seeks to reverse.

On January 30, 1945, plaintiff, a structural iron worker in a crew of six men, was cleaning up scrap along defendant's railroad right-of-way near South Pekin, Illinois, by means of a crane mounted on a car which picked up the scrap (steel plates) and lifted it into a forty-foot gondola car. Plaintiff's duty was to help guide the scrap into the gondola car. During this loading process plaintiff was injured. He claimed that when one end of the load caught on the gondola car and swung around, it knocked him into a hole. There was evidence that the accident did not occur as testified to by plaintiff. This evidence was to the effect that as the end of the load swung toward plaintiff, the load did not strike him, but that he either fell or jumped into a pocket at the end of the gondola car.

At the time of the accident plaintiff was 58 years of age. His collarbone and three ribs were broken, his chin was skinned, his teeth were knocked out, and at the time of the trial he complained of pains from the back of his neck to the base of his brain, and testified that he must wear a brace and that he has been unable to work since the date of his injury. There was testimony to the effect that he was suffering from neurosis due to a traumatic condition and that he had arthritis in his spine. All the medical testimony was in agreement that plaintiff had arthritis prior to the accident, but what occurred as a result of the accident was a subject on which the physicians did not agree.

Plaintiff seeks to reverse the judgment upon the ground that the damages awarded were grossly inadequate. The argument is that the injuries were serious, that plaintiff has incurred doctor bills ranging from $500 to $1,000, that his loss in wages up to the date of his trial amounts to $4,600, and that no allowance has been made for pain and suffering and for future loss of wages.

Be that as it may, it was the duty of the jury to pass upon the question of the negligence of defendant and whether plaintiff's injuries were caused by his own neg-

578

ligence, and if they found that his carelessness had contributed to the injuries, to diminish the damages in proportion to the amount that the causal negligence of the plaintiff bore to the negligence attributable to both plaintiff and defendant. See section 53 of Federal Employers' Liability Act and Grand Trunk Western Ry. Co. v. Lindsay, 233 U.S. 42, 34 S.Ct. 581, 58 L.Ed. 838. In such a situation, where no error of law appears, an appellate court cannot reverse a judgment because from an examination of the evidence it may be of the opinion that the jury should have returned a verdict for a larger amount, Kos v. Baltimore & O. R. Co., 6 Cir., 28 F.2d 872, and Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 481, 53 S.Ct. 252, 77 L.Ed. 439. The trial judge alone has the right and duty to set the verdict aside if dissatisfied with it. Home Ins. Co. of New York v. Tydal Co., 5 Cir., 152 F.2d 309. However, the reviewing court can, if it thinks the verdict is not according to the weight of the evidence, scan the trial more closely for error. Home Ins. Co. of New York v. Tydal Co., 5 Cir., 157 F.2d 851. This, plaintiff asks us to do.

Plaintiff contends error was committed during the trial and that the jury acted upon a mistake of fact which influenced its verdict. He makes the point that in his opening statement to the jury counsel for defendant referred to the fact that plaintiff had filed a petition before the Industrial Commission of Illinois under the Illinois Workmen's Compensation law, Ill. Rev.Stat.1945 c. 48, § 138 et seq., in which he claimed compensation for the injuries sustained and that during the trial he offered to introduce in evidence a certified copy of the petition, leading the jury "to believe that plaintiff would and could recover under the Workmen's Compensation Act as well."

The record discloses that in addition to denying that it was guilty of negligence and averring that plaintiff's injuries were caused by his own negligence, defendant, in its answer to plaintiff's complaint, also averred that at the time and place of the accident plaintiff had not been engaged in interstate commerce for defendant, and that plaintiff had filed a claim with the Industrial Commission under the Workmen's Compensation Law of Illinois. The court did not allow the pleadings to go to the jury.

Upon the trial, when reference was made to the Industrial Commission in the opening statement, no objection was made, and when counsel offered the certified copy of the petition, the court sustained an objection thereto on the ground that it was immaterial, and so stated, in the presence of the jury. There is no claim that the court erred in his instructions to the jury; in fact, upon oral argument it was admitted that the jury was fully and correctly instructed upon the applicable law and on the subject of damages. Under these circumstances we are unable to find error.

Affirmed.