James M. LOVEJOY, Plaintiff,

v.

MONONGAHELA CONNECTING RAIL-ROAD COMPANY, a corporation, Defendant.

Civ. A. No. 11876.

United States District Court
W. D. Pennsylvania.

Dec. 12, 1955.

**43**

James P. McArdle, Pittsburgh, Pa., for plaintiff.

J. N. Poffinberger, Jr., of Kirkpatrick, Pomeroy, Lockhart & Johnson, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is an action under the Federal Employers' Liability Act to recover damages for injuries sustained while plaintiff was employed as a brakeman for the Monongahela Connecting Railroad Company. 45 U.S.C.A. § 51 et seq.

Upon jury trial, a verdict was returned in favor of plaintiff in the amount of $44,950.

In answer to specific interrogatories, the jury found the total amount of damages to be $77,500 but attributed 42 per cent of the negligence which was a proximate cause of the accident to the plaintiff.[1]

---

1. "Was the defendant, Monongahela Connecting Railroad Company, a corporation, guilty of negligence which was a proximate cause or a substantial contributing cause of the accident in whole or in part?

"Answer: Yes **x** No _____

"Should the answer to the above question be in the affirmative, state the extent or the amount of the negligence of the defendant, Monongahela Connecting Railroad Company, a corporation, which was a proximate cause of the accident in whole or in part?

"Answer: 58%

"Was the plaintiff, James M. Lovejoy, guilty of negligence which was a contributing cause of the accident in whole or in part?

"Answer: Yes **x** No _____

44

The matters before the court are three-fold:

(1) Defendant's motion to set aside the verdict or for judgment notwithstanding the verdict.

(2) Defendant's motion for new trial.

(3) Plaintiff's motion for new trial limited to issue of contributory negligence.

## Motion to Set Aside the Verdict or for Judgment Notwithstanding the Verdict

Defendant contends that there is no evidence in the record from which an inference of negligence on the part of the railroad can be drawn, and that plaintiff's own conduct was the sole proximate cause of the accident.

On the night of the accident, it appears that plaintiff was working as a brakeman in a crew engaged in moving thirty-two cars loaded with ore from an area known as O. B. Yard on defendant's property to the 34th Street Yard. On arriving at 34th Street, the engine and the cars stopped west of a switch leading to a track known as the "New Track". The "New Track" is parallel to the Main Track and is the first track immediately north of the Main Track. To the south of the Main Track is another parallel track known as No. 1 Lead and a switch leading from the Main Track to No. 1 Lead located east of the switch where the locomotive had stopped.

The Main Track continues eastwardly into the 34th Street area where it is known as the Middle Lead. A switch leads from the Middle Lead in a northwesterly direction to certain storage tracks where cars loaded with iron ore are stored. The conductor and the plaintiff left the train at this point and proceeded to the 34th Street Yard Office for instructions as to placement of the cars. The plaintiff heard the yardmaster instruct the conductor to take the cars ahead to the Middle Lead and to prepare to shove or reverse the move into the ore yard. The plaintiff left the Yard Office and proceeded to line the switches on the Middle Lead so that the train could proceed into the ore yard. As was the custom of his crew, plaintiff did not line the target switch leading from the Main Track to No. 1 Lead, for this was always done by the conductor after he had instructed the engineer to which position the train was destined.

It is undisputed that the target switch leading from Main Track to No. 1 Lead was yellow to the engineer. Under such circumstances if the move proceeded ahead on the yellow, it would be required to go down the No. 1 Lead. It is further undisputed that the Middle Lead was the track normally used to move cars into the ore yard, and the No. 1 Lead was never used for this type of movement. After plaintiff lined the switches as required, he placed himself between the Middle Lead and No. 1 Lead, and passed a signal to an employee standing in the vicinity of his engine, and whom he presumed was his conductor. This signal was given in order to inform the conductor and engineer that the plaintiff was ready for the movement provided they were ready to proceed. The signal was not returned and the plaintiff directed his attention to a crossing some hundred feet to the east. While watching the crossing, plaintiff was struck by his own engine which had proceeded ahead without giving any warning and was traveling down No. 1 Lead. The testimony of

"Should the answer to the above question be in the affirmative, state the extent or the amount of the negligence of the plaintiff, James M. Lovejoy, which was a contributing cause of the accident in whole or in part? (Express the extent of the negligence in percentage terms.)
"Answer: 42%

"What was the total amount of damages suffered by the plaintiff, James M. Lovejoy, which was the proximate result of the accident without any consideration being given to negligence or contributory negligence?
"Answer: $77,500."

all the crew members was to the effect that the move was on the wrong track. The evidence further established that the conductor was still in the Yard Office getting instruction when the accident happened. The conductor was unaware that the train had moved until after the accident occurred.

The evidence elicited in connection with Company rules established that the engineer is obliged to take his orders from the conductor, and may not move his engine in a transfer movement, without receiving such orders, and that the engineer must make certain that the switches immediately ahead of him are lined correctly for the destination of the train.

■ Motion for a directed verdict or judgment notwithstanding the verdict under the Federal Rules of Civil Procedure, rule 50, 28 U.S.C. raises a question of law only; that is, whether there is any evidence which, if believed, would authorize a verdict against the defendant and the trial court in considering such motion does not exercise any discretion but makes only a ruling of law. Marsh v. Illinois Central R. Co., 5 Cir., 175 F.2d 498; Grayson v. Deal, D.C., 85 F.Supp. 431.

■ In passing upon a motion to set aside a verdict for plaintiff and to enter judgment for the defendant, evidence including all reasonable inferences to be drawn therefrom must be taken in the light most favorable to the plaintiff and all conflicts must be resolved in his favor. Waggaman v. General Finance Co. of Philadelphia, Pa., Inc., 3 Cir., 116 F.2d 254; Schad v. Twentieth Century-Fox Film Corp., 3 Cir., 136 F.2d 991; Lukon v. Pennsylvania R. Co., 3 Cir., 131 F.2d 327; Meyonberg v. Pennsylvania R. Co., 3 Cir., 165 F.2d 50; Kraus v. Reading Co., 3 Cir., 167 F.2d 313; O'Brien v. Public Service Taxi Co., 3 Cir., 178 F.2d 211.

■ The court is not free to reweigh the evidence and set aside the jury's verdict merely because the jury could have drawn different inferences or conclusions, or because the court regards another result as more reasonable. Tennant v. Peoria & P. U. Ry. Co., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520; Masterson v. Pennsylvania R. Co., 3 Cir., 182 F.2d 793.

■ Where uncertainty as to the existence of negligence arises from a conflict in the testimony, or because the facts being undisputed, fair-minded men will honestly draw different conclusions from them, the question is not one of law but of fact to be settled by the jury. Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720.

■ The choice of conflicting versions of the way the accident happened, the decision as to which witness is telling the truth and the inferences to be drawn from the uncontroverted facts and the controverted facts are questions for the jury. If there is a reasonable basis in the record for concluding that it was negligence of the employer which caused the injury, it would be an invasion of the jury's function for the court to draw contrary inferences or to conclude that a different conclusion would be more reasonable. Ellis v. Union Pacific R. Co., 329 U.S. 649, 67 S.Ct. 598, 91 L.Ed. 572; Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916.

■ Whether or not the actions of the plaintiff amounted to contributory negligence in view of the circumstances was for the jury.

■ There was ample evidence to require submission to the jury the question of whether or not the negligence of the engineer in taking instructions from a person other than the authorized conductor and in permitting the movement to proceed down the wrong track, and failing to give any warning signals when moving upon said track, in whole or in part caused plaintiff's injury.

■ It is not unreasonable to conclude that the conditions under which the plaintiff was required to do his work and the manner in which his fellow employees performed the responsibilities of their

**46**

assignment constituted an unsafe and dangerous working place and that such conditions were a proximate cause of the accident.

■ It is only when the plaintiff's act is the sole cause—when defendant's act is no part of the causation—that defendant is free from liability under the Act. Grand Trunk Western Ry. Co. v. Lindsay, 233 U.S. 42, 34 S.Ct. 581, 58 L.Ed. 838.

I am satisfied that the record evinces sufficient credible evidence to support the findings of the jury.

The motion for arrest of judgment or for judgment notwithstanding the verdict must be refused.

### Motion for New Trial

It is contended:

(1) The verdict was against the evidence, the weight of the evidence and the law.

(2) The verdict was excessive.

It is not claimed that the instructions given by the court were in error or that they failed to state correct principles of law. Nor is it contended that any prejudicial error was committed during course of trial.

In considering the instant motion for new trial, I have evaluated the complete record and exhibits with meticulous care.

Upon careful scrutiny of testimony elicited from plaintiff's witnesses, I am satisfied that it is consistent, coherent and logically sound, and indeed, creates such inferences from which the jury could have reasonably concluded the negligent conduct of defendant.

To summarily expunge this testimony, and substitute the personal opinion of the court, would do violence to the processes and purport of the jury trial. The instant jury appears to have given most studied consideration to the evidence.[2]

Upon recapitulation of all the credible evidence, I am convinced that the quantum of proof is such that a jury could reasonably conclude that failure of defendant railroad to provide plaintiff with a safe place to work was a proximate cause of his injury.

It is my considered judgment that the verdict rendered was not against the evidence, weight of the evidence, or the law.

■ Counsel for the defendant maintains that the verdict was contrary to the weight of the evidence in that it was excessive. It is axiomatic that a verdict may not be set aside on the ground that it is excessive unless it be so high as to shock the conscience of the court, or it appears that the jury was biased or acted capriciously or unreasonably. Foresman v. Pepin, D.C., 71 F.Supp. 772, affirmed, 3 Cir., 161 F.2d 872.

The jury rendered a total verdict of $77,500 and determined that the plaintiff was 42% contributorily negligent, thus reducing the amount of the verdict to $44,950.

As a result of this accident, the plaintiff sustained a fracture of the neck of the femur and was rendered totally disabled. Plaintiff was 47 years old at the time of trial, and possessed a life expectancy 22 to 25 years.

His loss of earnings until date of trial was $8,525.60. Plaintiff's annual continuing wage loss was $4,945 per annum. Projecting this wage loss over the plaintiff's life expectancy, without any consideration being given to pain or suffering, future loss of earnings could amount to $133,364.60.

Since the accident the plaintiff has been severely crippled, ridden with pain and discomfort, and rendered incapable of carrying on remunerative employment.

This Circuit has sustained an award of $126,182.24 to a forty-four year old plaintiff who was permanently and totally disabled, and had been repeatedly hospitalized and suffered greatly. Trow-

---

2. The jury commenced its deliberations at 10:45 A.M. and did not return its verdict until 9:50 P.M.

bridge v. Abrasive Co. of Philadelphia, 3 Cir., 190 F.2d 825.

■ I am satisfied that the award was commensurate with the amount of damages evinced in the record.

Defendant's motion for new trial will be refused.

#### Plaintiff's Motion for New Trial Limited to Issue of Contributory Negligence

Plaintiff contends that the jury's determination of the percentage of contributory negligence of which the plaintiff was guilty had no basis in fact, and therefore requests a new trial confined solely to the question of the percentage of plaintiff's contributory negligence.

Again I must conclude that the issue of contributory negligence is for the jury, and that the evidence elicited from both plaintiff's and defendant's witnesses supports a reasonable basis from which the finding of contributory negligence could be sustained.

Plaintiff's motion for new trial limited to the issue of contributory negligence will be refused.

An appropriate order is entered.