UNITED STATES of America, Appellant,

v.

MISSOURI–KANSAS–TEXAS RAILROAD CO., Appellee.

No. 6207.

United States Court of Appeals Tenth Circuit.

Dec. 29, 1959.

Wilbur G. Leonard, U. S. Atty., To-peka, Kan., Milton P. Beach, Asst. U. S. Atty., Kansas City, Kan., Sydney Brodie, Atty., Dept. of Justice, and Henry L. Hilzinger, Atty., Interstate Commerce Commission, Washington, D. C., for appellant.

Joseph H. McDowell, Kansas City, Kan., and Lloyd W. Jones, Denison, Tex., for appellee.

Before HUXMAN, PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

The United States brought this action to recover statutory penalties for violations of the Safety Appliance Acts, 45 U.S.C.A. §§ 1 to 16. The complaint alleges nine violations, in separate causes of action, predicated upon the defective condition of nine different railroad

cars. The case was submitted to the trial court upon stipulated facts. The Railroad confessed judgment in six causes of action and the trial court found against it in one other. On the two remaining causes of action, judgment was entered in favor of the Railroad, from which the United States appeals.

The two causes of action here involved charge that the cars in question were not equipped with "secure running boards" on top of the cars as required by 45 U.S.C.A. § 11. The pleadings make no reference to § 131.1(c), Title 49, C.F.R., which is the applicable Interstate Commerce Commission regulation, and which requires running boards on railroad cars subject to the Act to be "not less than 18 and preferably 20 inches in width" for the full length of the car. The evidence consisted solely of inspectors' reports pursuant to the stipulation, and discloses that a portion of the running board on each car was decayed, broken and insecure, which resulted in its being approximately 12 inches in width at the described location.

▪ The trial court was apparently of the view, and it is so contended here, that the United States may not rely upon the specifications of a regulation which was not specifically pleaded. Stated differently, the position of the Railroad is that the United States, having pleaded that the running boards were insecure and not in compliance with Section 11, must prove the insecurity of the boards and cannot rely upon the standard fixed by the regulation unless, in addition, it was alleged that there was a violation of the regulation. We find no merit in this contention. The railroads must at all times maintain safety appliances on cars, in strict conformity with the statutes and regulations. Atchison, Topeka & Santa Fe Ry. Co. v. Scarlett, 300 U.S. 471, 57 S.Ct. 541, 81 L.Ed. 748. Under the provisions of the Act, the Interstate Commerce Commission has broad powers to fix standards of compliance by prescribing rules and regulations to accomplish that purpose. Lilly v. Grand Trunk Western Ry. Co., 317 U.S. 481, 63

S.Ct. 347, 87 L.Ed. 411. Section 11 of the Act imposes upon the railroads the absolute duty to make their appliances referred to therein "secure." For the protection of workmen and others using railroad facilities, Section 12 contemplates that the Commission will, by regulation, standardize all of the appliances referred to in Section 11. Atchison, Topeka & Santa Fe Ry. Co. v. Scarlett, supra; Illinois Central Ry. Co. v. Williams, 242 U.S. 462, 37 S.Ct. 128, 61 L.Ed. 437; Thompson v. Missouri Pac. R. Co., 8 Cir., 15 F.2d 28. These regulations, when adopted, have the same force and effect as though they were prescribed in the provisions of the statute, and become an integral part of it. Atchison, Topeka & Santa Fe Ry. Co. v. Scarlett, supra. The regulation fixing the standard applicable to the violation charged should, of course, be called to the attention of the court, but a failure to do so would not affect the liability for the statutory penalty. Lilly v. Grand Trunk Western Ry. Co., supra.

▪ As a general rule, a complaint is sufficient if it sets forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.Rules Civ.Proc., 28 U.S.C.A. The Rule is satisfied if the statement gives the defendant fair notice of the claim and the ground upon which it rests. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80; Clyde v. Broderick, 10 Cir., 144 F.2d 348. It is not necessary to plead under what particular law the recovery is sought. Grand Trunk Western Ry. Co. v. Lindsay, 233 U.S. 42, 34 S.Ct. 581, 58 L.Ed. 838; Long v. Union R. Co., 3 Cir., 175 F.2d 198; Newberry v. Central of Georgia Ry. Co., 5 Cir., 276 F. 337, certiorari denied 257 U.S. 662, 42 S.Ct. 270, 66 L.Ed. 423; Hines v. Smith, 7 Cir., 275 F. 766; 71 C.J.S. Pleading § 86(b). The defendant could not have been misled as to the claim of the United States or the basis of the liability.

Judgment reversed and remanded with instructions to enter judgment for the plaintiff.