Arthur Richardson **JOHNSON**, Plaintiff,

v.

**CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILROAD COMPANY, Defendant.**

No. 68–C–56.

United States District Court
E. D. Wisconsin.
June 10, 1968.

Eisenberg, Kletzke & Eisenberg, Milwaukee, Wis., for plaintiff.

Rodger S. Trump and Richard R. Robinson, Milwaukee, Wis., for defendant.

ORDER

MYRON L. GORDON, District Judge.

This is an action for personal injuries alleged to have been sustained by the plaintiff while doing work in connection with one of the defendant's railroad engines. The complaint alleges that the plaintiff was an employee of the defendant, and that the accident occurred in

the course of employment. The complaint further alleges that all of the damages and injuries sustained were the direct and proximate result of the defendant's negligence.

The complaint avers that the plaintiff is a Wisconsin resident, and that the defendant is an Illinois corporation, licensed to do business in Wisconsin, and having its principal place of business in Illinois.

The defendant has moved to dismiss the complaint for lack of diversity jurisdiction, submitting along with the motion an affidavit which states that the defendant has been incorporated and is duly organized under the laws of Wisconsin. If this is true, diversity of citizenship is lacking. 28 U.S.C. § 1332(a)(1) and (c).

The plaintiff, however, has chosen not to controvert the defendant's affidavit or legal arguments with respect to the lack of diversity jurisdiction. Rather, the plaintiff now asserts that the action is brought under 28 U.S.C. § 1331, and that the action against the defendant railroad arises under the laws of the United States, i. e., 45 U.S.C. § 51, et seq. (Federal Employers Liability Act). However, the complaint does not properly allege the jurisdictional prerequisites under that act.

45 U.S.C. § 51 provides, in part, as follows:

"Every common carrier by railroad while engaging in commerce between any one of the several States * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce * * * for such injury * * * resulting in whole or in part from the negligence of * * * such carrier * * *."

In addition, rule 8(a), Federal Rules of Civil Procedure, provides that a pleading which sets forth a claim for relief shall contain "a short and plain statement of the grounds upon which the court's jurisdiction depends * * *."

The plaintiff has failed to allege that the defendant is engaged in interstate commerce or that the injury occurred while the plaintiff was employed by "such carrier in such commerce." The complaint fails to state a cause of action under § 51. Grand Trunk Western Ry. Co. v. Lindsay, 233 U.S. 42, 34 S.Ct. 581, 58 L.Ed. 838 (1913); Carpenter v. Baltimore & O. R. Co., 109 F.2d 375 (6th Cir. 1940); Pearce v. Pennsylvania R. Co., 7 F.R.D. 420 (E.D.Pa.1946).

I believe that the plaintiff should have an opportunity to amend his complaint to allege properly the existence of federal question jurisdiction. 3 Moore's Federal Practice, ¶ 15.09.

Accordingly, it is ordered that the defendant's motion to dismiss be and hereby is denied, and that the plaintiff shall have until June 24, 1968 to file an amended complaint in this action.