### GALVESTON, H. & H. R. CO. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 24, 1920. Rehearing Denied June 11, 1920.)

No. 3467.

Railroads ☞254(6)—Evidence excusing violation of federal statute irrelevant.

In an action for penalties for moving cuts of cars without having the air brakes coupled and under control of the engine, as required by Safety Appliance Act March 2, 1903, c. 976 (Comp. St. §§ 8613-8615), where under the undisputed facts the movements were train movements covered by the act, defendant's rules showing that it interpreted them as switching movements, and evidence that in the opinion of witnesses it was safer to have air brakes uncoupled, and that to comply with the law would occasion great inconvenience and delay, was irrelevant and immaterial.

In Error to the District Court of the United States for the Southern District of Texas; J. C. Hutcheson, Jr., Judge.

Action by the United States against the Galveston, Houston & Henderson Railroad Company. Judgment for the United States, and defendant brings error. Affirmed.

J. W. Terry, of Galveston, Tex., and Claude Pollard, of Houston, Tex. (Baker, Botts, Parker & Garwood, of Houston, Tex., Jno. L. Darrouzet, of Galveston, Tex., and McMeans, Garrison & Pollard, of Houston, Tex., on the brief), for plaintiff in error.

D. E. Simmons, U. S. Atty., of Houston, Tex., and Roscoe F. Walter, Sp. Asst. U. S. Atty., of Washington, D. C.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before WALKER, Circuit Judge, and FOSTER and CALL, District Judges.

FOSTER, District Judge. This was an action for the recovery of penalties for four alleged violations of the air brake provision of the Safety Appliance Act (Act March 2, 1903, c. 976, par. 2, 32 Stat. 943 [Comp. St. § 8614]) by moving four cuts of cars without having the air brakes coupled and under control from the engine. On a former trial a verdict was directed in favor of the defendant railroad company, plaintiff in error herein, and on a writ of error to this court that judgment was reversed. 255 Fed. 755, 167 C. C. A. 101. On the second trial of the case the District Court, on practically the same evidence, following the opinion of this court, directed a verdict for the government. It is unnecessary to here repeat the essential facts, as they are fully set out in the former opinion of this court.

Thirty-two errors are assigned. The first is to the action of the court in directing the verdict and the second to the overruling of a motion to submit the case to the jury on the issue of whether the four movements of cars complained of in plaintiffs' petition constituted train movements. The other 30 assignments of error run to the refusal of the court to admit in evidence testimony tending to show that in the opinion of the witnesses it was safer for the trainmen to handle the trains with the air brakes uncoupled, that it would occasion the railroad great inconvenience and delay to comply with the law, and to the excluding of printed copies of railroad rules tending to show that the movements of cars in question were interpreted by the defendant to be switching movements, not covered by the law, and not requiring the air brakes to be coupled. None of these assignments is well taken.

Under the undisputed facts, as interpreted by this court in its former opinion, the movements of cars, for which the United States sought to collect the penalties, were train movements, and covered by the Safety Appliance Act. The evidence excluded by the court was clearly irrelevant and immaterial.

Judgment affirmed.