## UNITED STATES v. NORTHERN PAC. RY. CO.

(Circuit Court of Appeals, Ninth Circuit. December 3, 1923. Rehearing
Denied January 7, 1924.)

No. 4080.

1. **Railroads** ⬉229—**Emergency caused by strike held no defense to charge of violation of Safety Appliance Act.**

It was not a defense to a charge of a violation of Safety Appliance Act April 14, 1910, § 4 (Comp. St. § 8621), that defendant's employees, without fault on defendant's part, went on a strike, that defendant used its best efforts to perform its duties, and that any defects in defendant's cars were the results of this emergency, and were remedied as soon as was consistent with the emergency, at the then nearest available point.

2. **Railroads** ⬉229—**Defenses available under Safety Appliance Act.**

The only permissible defenses to a charge of violating Safety Appliance Act April 14, 1910, § 4 (Comp. St. § 8621), are a denial of the use of the alleged defective car, or an affirmative defense that the car had been properly equipped, but that the equipment became defective while in use and the car was being hauled from the place, where the defect was first discovered to the nearest available point where it could be repaired.

3. **Pleading** ⬉93(3)—**General denial and affirmative defense to charge of violating Safety Appliance Act held repugnant.**

In an action for violating Safety Appliance Act April 14, 1910, § 4 (Comp. St. § 8621), a general denial of the charge, and the affirmative defense that the car became defective in transit and was being carried to the nearest point for repairs, are repugnant, and will not lie to the same charge.

4. **Railroads** ⬉229—**Transportation of defective car violation of Safety Appliance Act.**

Safety Appliance Act April 14, 1910, § 4 (Comp. St. § 8621), prohibits a carrier from receiving a car in a defective condition from another carrier and hauling it over its own line for even a short distance, unless it is a mere incidental movement for the purpose of reaching other cars on the exchange track.

5. **Railroads** ⬉254(6)—**Violation of Safety Appliance Act held for jury.**

In an action for violating Safety Appliance Act April 14, 1910, § 4 (Comp. St. § 8621), where the government testimony tended to show that each car was defective as alleged, and carrier's testimony that each car was inspected, and no such defect existed, whether the alleged defects existed *held* for the jury.

6. **Appeal and error** ⬉1040(13), 1052(5), 1068(1)—**In action for violating Safety Appliance Act, errors in overruling demurrer, in admitting evidence, and in instruction held not prejudicial.**

In an action for violating Safety Appliance Act April 14, 1910, § 4 (Comp. St. § 8621), where it was conceded that many of the cars in question were not being hauled to a repair point, overruling of demurrer to answer pleading existence of strike, admission of improper evidence relating thereto, and an erroneous instruction relating to carrier's right to haul defective cars to the nearest repair point *held* not prejudicial, because verdict for defendant was probably based on finding that cars were not defective.

Rudkin, Circuit Judge, dissenting in part.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action in which the complaint alleged 18 causes of action, by the United States against the Northern Pacific Railway Company. Judgment for defendant, and the United States brings error. Judgment affirmed as to all causes of action except the eighth and eighteenth, and reversed as to those two, and remanded for new trial.

Thos. P. Revelle, U. S. Atty., and C. E. Hughes, Asst. U. S. Atty., both of Seattle, Wash. (M. C. List, Sp. Asst. U. S. Atty., of Washington, D. C., of counsel), for the United States.

Geo. T. Reid, C. H. Winders, L. B. Da Ponte, all of Seattle, Wash., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. [1] The complaint in this case contains 18 causes of action, each cause of action charging a violation of the Safety Appliance Act and the orders of the Interstate Commerce Commission made and issued pursuant thereto. The answer of the defendant admitted the interstate character of its business and denied each and every other allegation of the complaint. By way of an affirmative defense, but not as a defense to any particular cause of action, the answer averred that on the 1st day of July, 1922, the joint shop craft employees of the railway company, including those engaged in the work of inspecting and repairing cars and the doing of general mechanical work in connection with their upkeep, ceased their employment and withdrew from the service of the company in protest of an award made by the United States Labor Board; that such employees left the service of the company without fault on its part, and notwithstanding the order and findings of the Labor Board; that the defendant, pursuant to the directions of the Labor Board, used its best efforts to obtain the services of other employees, and endeavored to perform its duties to the shipping public and its other duties as a common carrier; that it used many of its official staff for the purpose of keeping its railway system in operation; that by reason of the withdrawal of its employees, it was impossible for several weeks to keep an accurate record of the condition of its cars; that all cars were properly inspected; that it handled its equipment in a reasonable manner, and did not permit the use of any equipment that would endanger the safety of operation, or of its employees or others having business with the company; that if any of the cars were defective, as alleged in the complaint, the defects were the result of an emergency beyond the control of the defendant; that the defects, if any, were remedied as soon as consistent, in view of the emergency and after movement made necessary thereby, at the then nearest and most available point therefor.

This affirmative defense was moved against and demurred to, but the motion and demurrer were overruled. The assignments of error are based on these rulings, upon the admission and exclusion of testimony over objection, and upon the charge of the court and the refusal to charge as requested. The jury returned a verdict in favor of the defendant as to the first 17 causes of action and a like verdict as to the eighteenth cause of action by direction of the court.

The act under which the action was brought declares that any com-

mon carrier, subject to the act, using, hauling, or permitting to be used or hauled on its line, any car subject to the requirements of the act, not equipped as therein provided, shall be liable to a penalty for each and every such violation, provided that, where any car shall have been properly equipped as provided in the act and the other acts mentioned therein, and such equipment shall have become defective or insecure while such car was being used by such carrier upon its line of railroad, such car may be hauled from the place where such equipment was first discovered to be defective or insecure to the nearest available point where such car can be repaired, without liability for the penalties imposed, if such movement is necessary to make such repairs and the repairs cannot be made except at such repair point. 36 Stat. 299 (Comp. St. § 8621).

[2, 3] Measured by this statute, it becomes at once apparent that the affirmative answer states no defense and that the ruling on the demurrer was erroneous. Under the statute only two defenses are permissible: First, a denial of the use of the defective car as charged; or, second, an affirmative defense stating that the car had been properly equipped, that such equipment became defective or insecure while in use by the carrier upon its line of railroad, that the car was being hauled from the place where the equipment was first discovered to be defective or insecure to the nearest available point where the defect could be repaired, that such movement was necessary to make the repairs, and that the repairs could not be made except at such repair point. But the two defenses will not lie to the same charge. They are repugnant to each other. The affirmative defense under the statute is in the nature of a plea in avoidance. It of necessity admits the hauling of the defective equipment, with knowledge of the defect, and is therefore inconsistent with a denial of the charge. In discussing the amendment in question in Chesapeake & O. Ry. Co. v. United States, 249 Fed. 805, 162 C. C. A. 39, the court said:

"To relax somewhat the rigid rule prescribed by the original act, which did not exempt the necessary movement to a point where repairs could be made, the amendment of April 14, 1910, was enacted. Although the amendment measurably grants relief to and enlarges the right of interstate railroads, it nevertheless is limited by its express terms and manifest intent, and its further extension is unwarranted. It only permits the hauling, without penalty, of a car which becomes defective while the car is in use by the carrier on its line of railroad, to the nearest available point where such car can be repaired (if such movement is necessary to make repairs) after the defect has been discovered. Any other hauling of such a car, and consequently a hauling of it before its bad order condition is discovered, although the carrier be without fault in not making the discovery, is a violation of the statute." (Certiorari denied, 248 U. S. 580, 39 Sup. Ct. 67, 63 L. Ed. 431.)

Under the statute as thus construed, it is manifest as already stated that the affirmative answer states no defense, and the proof on the part of the defendant in error was equally deficient. Of the 18 cars mentioned in the complaint, the answer admits that 4 were hauled from Auburn to Tacoma, 6 from Auburn to Narco, 1 from Auburn to Eagle Gorge, 1 from Auburn to Renton, 1 from Centralia to Tacoma, 1 from Centralia in a southerly direction, 3 from Centralia in a northerly direction, and 1 in switching service in the city of Seattle. We will refer

later to the cars hauled from Auburn to Renton and in switching service in Seattle. Of the remaining 16 cars there is neither averment nor proof that they were being hauled to the nearest available repair point for repairs—that is, to repair the defects complained of—nor is there averment or proof that such defects could not be repaired at Centralia or Auburn.

[4] Turning, now, to the car hauled from Auburn to Renton, mentioned in the eighth cause of action, and the car hauled in switching service in the city of Seattle, mentioned in the eighteenth cause of action, it was admitted on the trial that the wheel was missing from the hand brake on the car hauled from Auburn to Renton, as charged in the complaint, and the defendant in error utterly failed to prove that such a defect could not be repaired at Auburn. In fact, the inferences are all the other way, because it appears that the car was being hauled to Renton for general repairs, and the employees of the company did not deem it necessary to take the time or trouble to repair the hand brake before going there. As to the other car, it appears that the Great Northern Railway Company hauled the car over its lines and placed it on the exchange track in Seattle for delivery to the defendant in error. The defendant in error received the car in its defective condition, and hauled it from the exchange track to its own yards, a distance of half a mile or more.

Under the law the defendant in error was forbidden to haul this car over its lines any distance, for any purpose, because the defect arose on the lines of another carrier. United States v. Northern Pac. Ry. Co. (C. C. A.) 287 Fed. 780. True, the act does not prohibit a mere incidental movement, such as a movement for the purpose of reaching other cars on the exchange track, as held in Baltimore, etc., Ry. Co. v. United States, 242 Fed. 420, 155 C. C. A. 196; but this was not such a movement. The defendant in error received the car in its defective condition from another carrier, and hauled it over its own lines in that condition, thus violating the law, whether the haul was long or short. The court erred, therefore, in refusing to instruct the jury to return a verdict in favor of the plaintiff in error as to the eighth cause of action, and in instructing a verdict in favor of the defendant in error as to the eighteenth cause of action.

[5, 6] As to the remaining 16 causes of action, there was testimony on the part of the plaintiff in error tending to show that each car was defective as alleged, and on the part of the defendant in error tending to show that the cars were all inspected before leaving the terminals at Centralia and Auburn, and that no such defects existed. The question of defects was therefor for the jury. But the court admitted testimony, over objection, tending to support the affirmative defense contained in the answer, and submitted to the jury over like objection the abstract right of the defendant in error to haul defective cars over its line to the nearest available repair point, where no such question was at issue. For reasons already stated, these rulings were erroneous, and it only remains for us to consider whether the errors were prejudicial.

The consideration of testimony relating to conditions arising from the strike was expressly limited by the court to the single question

whether Centralia, Tacoma, and Auburn were available repair points during the period in question. It was conceded at the trial that many of the cars mentioned in these 16 causes of action were not being hauled to a repair point at all, and it is not now claimed that any of them were being hauled for the purpose of repairing the particular defects complained of. In view of these facts, a majority of the court is of opinion that the verdict of the jury was necessarily based on the defense that no cars with penalty defects were hauled by the defendant in error over its line as charged, and not upon the defense that the cars were being hauled to the nearest available repair point for the purposes of repair. For this reason the ruling on the demurrer, on the admission of testimony as to strike conditions, and the submission to the jury of the right of defendant in error to haul cars with penalty defects to the nearest available repair point, was not prejudicial to the plaintiff in error.

The writer cannot reconcile himself to this view. He is of the opinion that the mistrial was such as to call for a complete reversal, especially in view of the fact that the jury returned a verdict for the defendant in error as to the eighth cause of action, where the hauling of the car with defective equipment was expressly admitted.

The judgment of the court below is affirmed as to all causes of action except the eighth and the eighteenth, and as to the latter two the judgment is reversed, and the cause remanded for a new trial.