**UNITED STATES v. ATCHISON, T. & S. F. RY. CO.**

**No. 11237.**

Circuit Court of Appeals, Ninth Circuit.

June 29, 1946.

Theron L. Caudle, Asst. Atty. Gen., Leo Meltzer, Attorney, Dept. of Justice of Washington, D. C., and Frank J. Hennessy, U. S. Atty., of San Francisco, Cal. (James O. Tolbert, Sp. Asst. to U. S. Atty., of Washington, D.C., of counsel), for appellant.

J. C. Gibson, and Charles L. Ewing, both of Los Angeles, Cal., for appellee.

Before GARRECHT, DENMAN, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The United States appeals from a judgment holding appellee free from liability in a civil action brought under the Safety Appliance Acts, 45 U.S.C.A. §§ 1-16.

The complaint contained four causes of action and sought judgment in the amount of $400. Each count related to the hauling or use of a freight car which was admittedly defective within the meaning of the Act. The cars had been placed by other carriers on the interchange tracks near Stockton, California, on April 4, 6, and 7, 1944. An inspector, employed jointly by appellee and the other carriers, examined the cars on the interchange tracks, and in each instance discovered that the defective car was coupled between nondefective cars in such fashion that the nondefective cars could not be moved or used without the movement of the defective cars. The latter were thereupon tagged as being in bad order and were hauled by appellee to its switching yard, approximately a mile distant, where they were separated from the nondefective cars. Some hours later they were shoved back on the interchange tracks. No effort was made to repair them either on the interchange tracks or in the switching yard.

The court found that appellee had refused the defective cars in interchange, and that the method employed in disconnecting and returning them was the most practical under operating conditions prevailing. It concluded that appellee was under no duty to repair the defective cars, and that the

movement incidental to disconnecting them from the nondefective cars and returning them to the delivering carriers did not constitute a violation of the Act.

■ Prior to the amendment of April 14, 1910, 36 Stat. 299, the statute imposed upon interstate carriers an absolute duty to use cars complying with standards therein set and any movement of a car having defective safety appliances subjected the carrier to the statutory penalties. St. Louis, Iron Mountain & S. R. Co. v. Taylor, 210 U.S. 281, 28 S.Ct. 616, 52 L.Ed. 1061. Chicago, B. & Q. R. Co. v. United States, 220 U.S. 559, 575, 31 S.Ct. 612, 55 L.Ed. 582. The amendment relaxed the rigidity of the rule to the extent only of permitting the hauling without penalty of cars which became defective while in use by the carrier on its line to the nearest available point where the car could be repaired, if such movement were necessary to make repairs. Chesapeake & O. R. Co. v. United States, 6 Cir., 249 F. 805. The exceptive proviso incorporated by the amendment is shown on the margin.[1]

■ The facts do not bring the movements here involved within the terms of the exceptive proviso. In United States v. Northern Pac. R. Co., 9 Cir., 293 F. 657, 659, we held that only two defenses are permissible under the statute, these being either a denial of the hauling of the defective car, or an affirmative showing bringing the movement within the language of the statutory exception. And in Chesapeake & O. R. Co. v. United States, 4 Cir., 226 F. 683, 686, the court stated that the relief granted by the amendment "is limited by its express terms and manifest intent, and there is no warrant for its further extension." To similar effect, see Chesapeake & O. Ry. Co. v. United States, 6 Cir., 249 F. 805, at page 807. The exception granted by the amendment must be given a strict construction to preserve the integrity of the Act, Denver & R. G. R. Co. v. United States, 8 Cir., 249 F. 822.

The only actual holding cited by appellee tending to support the judgment appealed from is United States v. Louisville & J. Bridge & R. Co., 6 Cir., 1 F.2d 646, in which a defective car was shoved by a terminal company back onto the lines of the delivering carrier. The movement was held not a violation of the Safety Appliance Acts. In its decision the court resorted to dicta found in its own earlier opinion in Baltimore & O. S. W. R. Co. v. United States, 6 Cir., 242 F. 420, 425.[2] The facts in the Louisville & J. Bridge & R. Co. case are distinguishable from those before us. Insofar as the holding may be thought indistinguishable in principle we decline to follow it. We note in passing that this court, in United States v. Northern Pac. R. Co., supra, 293 F. at page 660, gratuitously approved the dicta quoted in the footnote; but the decision was not at all concerned with a movement of the nature described, and the actual holding is contra to appellee's position here.

■ We are not disposed to countenance the interpolation of exceptions not contained in the Safety Appliance Acts. That is the business of Congress. Aside from their lack of authority in the premises,

---

[1] "Provided, That where any car shall have been properly equipped, as provided in sections 11–16 of this title, and such equipment shall have become defective or insecure while such car was being used by such carrier upon its line of railroad, such car may be hauled from the place where such equipment was first discovered to be defective or insecure to the nearest available point where such car can be repaired, without liability for the penalties imposed by this section or section 6 of this title, if such movement is necessary to make such repairs and such repairs cannot be made except at such repair point." 45 U.S.C.A. § 13.

[2] The court there observed: "We add that, in our opinion, in case a defective car is received from a connecting carrier in a string or train of cars, the mere incidental handling of such car by the receiving carrier, refusing to accept it, in such manner as may be necessary to disconnect it from the other cars for redelivery to the connecting carrier and to proceed with the use of the other cars, would not be a use or hauling of such defective car by the receiving carrier which would subject it to the penalties of the Act; such incidental handling of the car not being in contravention of the purposes of the Act, but a necessary step in furtherance thereof."

the courts should not be moved by considerations of convenience or practicability to whittle away and eventually nullify the protection afforded by this beneficent legislation. United States v. Atchison, T. & S. F. R. Co., D.C., 220 F. 215: Pennsylvania Co. v. United States, 6 Cir., 241 F. 824; Galveston, H. & H. R. Co. v. United States, 5 Cir., 265 F. 266; Chicago & E. R. Co. v. United States, 7 Cir., 22 F.2d 729.

Reversed.